IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DAVID LEE JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-160 |
| | ) | |
| JERMAINE WHITE, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Telfair State Prison in Helena, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's grounds two and six claims be **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims or (2) notify the Court of his preference to proceed in this Court only with respect to his exhausted claims.

**I.     BACKGROUND**

After a two-day trial on October 3 to 4, 2016, a jury sitting in the Superior Court of Warren County, Georgia found Petitioner guilty of malice murder, possession of a knife during the commission of a crime, and aggravated assault. Jackson v. State, 831 S.E.2d 755,

---

[1]Jermaine White is the warden of Telfair State Prison, where Petitioner is incarcerated. See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Telfair State Prison"). Because the proper Respondent is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to reflect Jermaine White as Respondent. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

757 (Ga. 2019); see also doc. no. 1, p. 1.  At sentencing, the felony murder count was vacated by operation of law, and the trial court merged the aggravated assault count into the malice murder count for sentencing purposes.  Jackson, 831 S.E.2d at 761 n.1.  The trial court sentenced Petitioner to life in prison for malice murder and five consecutive years for possession of a knife during the commission of a felony.  Id.  On August 21, 2017, Petitioner filed a motion for an out-of-time appeal, which was granted on November 15, 2017.  Id.  On December 4, 2017, Petitioner, through counsel, filed a motion for new trial, which he amended on January 23, 2018.  Id.  The trial court held a hearing on April 24, 2018 and denied the motion on December 6, 2018.  Id.

On direct appeal to the Georgia Supreme Court, Petitioner contended "that the trial court committed plain error by giving an incorrect jury instruction on self-defense, that the trial court erred in its re-charge to the jury on voluntary manslaughter, and that his trial counsel was ineffective."  Id. at 757–58.  Petitioner alleged trial counsel was ineffective for failing to (1) object to the trial court's jury charge on self-defense; (2) call Petitioner or his girlfriend to testify on Petitioner's behalf; (3) present evidence of Petitioner's fear of the deceased victim; and (4) present evidence of the deceased victim's reputation in the community.  Id. at 760.  The Georgia Supreme Court rejected all of Petitioner's arguments and affirmed the judgment of the trial court on August 5, 2019.  Id. at 761.

Petitioner has not filed a state habeas petition.  Petitioner signed the instant federal petition on November 3, 2020, claiming:  (1) the trial court committed error by referencing revenge in a jury instruction which stated that, for the homicide to be justified, the accused must have acted under the influence of reasonable fear rather than in a spirit of revenge, and relatedly the trial court failed to clarify the charge when jurors questioned the reference to revenge; (2) trial counsel failed to conduct an adequate investigation and met with Petitioner

2

only twice prior to trial; (3) trial counsel "failed to properly present a self defense," although Petitioner fails to support this generalized allegation with any facts; (4) trial counsel failed to object to the trial court's erroneous jury instruction concerning self defense; (5) trial counsel failed to call an unspecified witness, presumably his girlfriend, to testify on his behalf; and (6) trial counsel did not properly advise Petitioner as to the nature of the charges pending against him. (See doc. no. 1.)

Upon examination of Petitioner's petition, the Court finds Petitioner has filed a mixed petition asserting unexhausted claims in grounds two and six and exhausted claims in grounds one, four, and five. Ground three is bereft of detail, and the Court cannot discern whether it is the same claims raised before the Georgia Supreme Court.

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Id. at 277.

4

B.  **Petitioner's Grounds Two and Six Claims Are Unexhausted, and Ground Three May Be As Well**

Grounds two and six contend trial counsel failed to properly investigate the case and advise Petitioner as to the nature of the charges pending against him. Petitioner did not raise these claims on appeal, nor has he filed a state habeas corpus petition despite it being available to him, and there is no suggestion in the record he was precluded from seeking state habeas relief. Petitioner offers no explanation in his petition why he did not raise these claims in a state habeas petition or at the time he filed his direct appeal to the Supreme Court of Georgia. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (recognizing state habeas courts are available for Petitioner to raise claims concerning ineffective assistance of counsel); see also Baldwin v. Johnson, 152 F.3d 1304, 1311 (11th Cir. 1998) (explaining a habeas corpus petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not previously evaluated). Thus, grounds two and six are unexhausted while grounds one, four, and five are exhausted. See Rhines, 544 U.S. at 277.

Ground three may also be unexhausted but it is too vague for the Court to determine. Petitioner contends trial counsel "failed to properly present a self defense." (Doc. no. 1, p. 6.) The claim is exhausted if Petitioner is repeating the allegations in his direct appeal that trial counsel failed to call Petitioner or his girlfriend to testify, failed to present evidence of Petitioner's fear of the deceased victim, and failed to present evidence of the deceased victim's reputation in the community. Jackson, 831 S.E.2d at 760. The claim is unexhausted to the extent, if any, Petitioner may be asserting additional failures of trial counsel concerning the self defense evidence at trial.

5

### C.  Staying the Case While Petitioner Returns to State Court to Exhaust is Inappropriate

Generally, if a petition is mixed and the petitioner declines an opportunity to amend the petition to remove the unexhausted claims, the petition should be dismissed without prejudice, allowing the petitioner to either exhaust state remedies or file a new petition with only exhausted claims. Isaac v. Augusta SMP Warden, 470 F. App'x 816, 818-19 (11th Cir. 2012) (citing Rose v. Lundy, 455 U.S. 509, 519–20 (1982)). However, petitioners with mixed petitions run the risk of losing their opportunity for any federal review of their claims because a petitioner cannot control when district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at 275. AEDPA contains a one-year statute of limitations for federal habeas corpus petitions in 28 U.S.C. § 2244(d)(1) that is tolled while a "properly filed application for state postconviction or other collateral review" is pending but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); see also Thomas v. Sec'y, Dep't of Corr., No. 15-14906-E, 2017 WL 5070228, at *2 n.1 (11th Cir. July 26, 2017).

Because of this concern with the AEDPA one-year limitations period, a court may stay the case and hold the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines, 544 U.S. at 277-78; see also Isaac, 470 F. App'x at 819 (citing Rhines). A stay and abeyance is only permitted when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Isaac, 470 F. App'x at 819. If these conditions are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544

6

U.S. at 278. The stay and abeyance procedure is limited to these extraordinary circumstances because of the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Under Rhines, the first consideration is whether dismissal without prejudice will risk any subsequently filed federal petition being time barred, causing Petitioner to be unable to obtain federal relief. Id. at 275. Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, the Georgia Supreme Court affirmed Petitioner's conviction on August 5, 2019. Jackson, 831 S.E.2d at 761. Petitioner does not report seeking a writ of certiorari from the United States Supreme Court,

and his conviction therefore became final ninety days later in November of 2019, when the time for seeking review by the United States Supreme Court expired.[2]  See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012); Jimenez v. Quarterman, 555 U.S. 113, 119-21 (2009). Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period.

AEDPA describes three situations which may delay or reset its one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).  The Court assumes for the present discussion none of the three apply.

Even should a later petition be time-barred, Petitioner is not entitled to a stay and abeyance because he failed to show good cause for failing to exhaust grounds two and six. See Rhines, 544 U.S. 277-78; Isaac, 470 F. App'x at 819.  As explained in § II.B., state habeas courts are clearly an available forum for Petitioner to pursue his claims.  O.C.G.A. § 9-14-42.  Additionally, Petitioner could have raised the unexhausted claims at the time he filed his direct appeal to the Supreme Court of Georgia.  Because Petitioner failed to show good cause, a stay and abeyance is unwarranted.  Moreover, because Petitioner has not satisfied the good cause requirement, the Court does not reach the second and third prongs of the Rhines analysis.

---

[2] Rule 13.1 of the Rules of the Supreme Court of the United States provides that a petition for a writ of certiorari to review a criminal judgment entered by a state court of last resort must be filed within 90 days after entry of judgment.

8

### D.     Petitioner Must Elect Whether to Proceed With His Exhausted Claims or Return to State Court

Where, as here, a stay and abeyance is unwarranted, a district court must offer the petitioner a choice of either dismissing the petition and returning to state court or amending the habeas petition to present only exhausted claims. Rhines, 544 U.S. at 278; King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010). However, "when it is obvious that the unexhausted claims would be procedurally barred in state court . . . a district court can . . . just treat those claims now barred by state law as no basis for federal habeas relief." King, 384 F. App'x at 975 (quoting Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir.1998)).

There is no such obvious procedural bar here because Petitioner has four years from the date his conviction became final by conclusion of direct review to file a state habeas corpus petition. See O.C.G.A. §§ 9-14-42(c), 5-6-38(a). While a procedural bar may exist due to Petitioner's failure to present the ineffective assistance of trial counsel claims in grounds two and six on direct appeal, a state habeas court must still be presented these claims for a determination as to whether a showing of cause circumvents the procedural default. See O.C.G.A. §§ 9-14-48(d); Murray v. Carrier, 477 U.S. 478, 489 (explaining if a Petitioner could raise his arguments "for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available").

Accordingly, the Court should require Petitioner to either (1) dismiss the current petition in its entirety and return to state court to exhaust his grounds two and six claims, as well as ground three to the extent, if any, it exceeds the scope of the direct appeal; or (2) proceed in this Court only with respect to his exhausted claims. Petitioner should keep in

9

mind when considering either option that any subsequently filed federal habeas petition would be subject to all provisions and limitations governing § 2254 petitions.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims; or (2) notify the Court of his preference to proceed in this Court only with respect to his exhausted claims. If Petitioner fails to respond, the Court will assume he wishes to dismiss this petition so he can present his unexhausted claims to the state habeas court.

SO REPORTED and RECOMMENDED this 5th day of January, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA